MENKE, APPELLANT, *v.* TESSEL ET AL., APPELLEES.

[Cite as Menke v. Tessel, 18 Ohio App. 2d 121.]

(No. 10653—Decided January 20, 1969.)

*Messrs. Beirne, Wirthlin & Manley,* for appellant.

*Messrs. Freiberg & Katz,* and *Mr. Morton C. Solomon,* for appellees.

HILDEBRANT, J. The parties will be referred to as they appeared in the court below.

The Hamilton County Municipal Court in a declaratory judgment action based upon a purported lease between plaintiff and defendants, upon trial without a jury, granted defendants' motion for dismissal at close of plaintiff's case. The court made findings of fact and conclusions of law and overruled plaintiff's motion for new trial and judgment *non obstante.*

The facts not in dispute are: Defendants-lessees were in possession of a corner storeroom operating a drug store under a valid ten-year lease beginning October 1, 1957,

and ending September 30, 1967, at a rental of eighty-five dollars per month.

In early 1964, plaintiff approached defendants and suggested they enlarge by taking the adjoining vacant room; that he would tear out the wall and install new vinyl flooring; that the existing lease with three years and two months remaining be surrendered and a new lease for both rooms for five years at one hundred forty dollars per month be entered into.

Plaintiff performed—tore out the wall, installed new vinyl flooring with a mortar and pestle design appropriate to defendants' business worked into it. On June 9, 1964, plaintiff and defendants entered into the substituted lease agreement prepared by plaintiff and defectively executed by plaintiff with only one witness and by defendants having signed not in the presence of a notary public.

Defendants occupied under such lease from August 1, 1964, until November 30, 1967, paying one hundred forty dollars per month rent during such period, when, on that date, they vacated the premises and delivered the keys to plaintiff.

It is clear the five-year lease was defectively executed and not in compliance with Section 5301.01, Revised Code, hence not a valid lease.

The court found that the actions of plaintiff in tearing out the wall, installing the vinyl floor incorporating the motar and pestle design, delivery of possession to defendants and the occupying by them and paying the rent for over three years, did not amount to a part performance sufficient to take the agreement out from under the operation of the statute. Upon the record before us we cannot find substantial evidence to sustain such finding, but on the contrary are of the opinion that the record supports an opposite conclusion sustaining plaintiff's claims.

The judgment is reversed and the cause remanded for further proceedings according to law.

*Judgment reversed.*

LONG, P. J., and SHANNON, J., concur.