MARKET PLACE OF MONTGOMERY, LTD., APPELLANT, *v.* BEARD ET AL., APPELLEES.
MARKET PLACE OF MONTGOMERY, LTD., APPELLANT, *v.* KERR ET AL., APPELLEES.

(Nos. C-800641 and C-810359— Decided August 12, 1981.)

*Messrs. Manley, Jordan & Fischer* and *Mr. Robert E. Manley,* for appellant.
*Mr. Michael A. Fulton,* for appellees.

*Per Curiam.* These two causes came on to be heard upon the appeals from the Court of Common Pleas of Hamilton County. Market Place of Montgomery, Ltd. (Market Place), the lessor, is the appellant in both causes, as the caption indicates.

The assignments of error and issues presented for review are identical in both cases. They state:

### "ASSIGNMENT

"The trial court erred in granting defendants-appellees' motion for summary judgment and denying plaintiff-appellant's cross-motion for summary judgment.

### "ISSUE

"A lease which was validly executed and acknowledged by the lessor and which was signed by the lessees who entered into possession of the premises is valid and enforceable despite a lack of acknowledgment of the signatures of lessees before a notary public."

The "issue" presented by the appellant fairly well describes what the cases are all about. The Beards and the Kerrs signed separate five year leases in December 1975, and entered into possession of the leased premises. In June 1978, the Beards and the Kerrs moved out and ceased paying rent, allegedly in violation of the leases. These actions were initiated to recover money owing under the leases. Two courts below decided adversely to

the lessor in concisely structured judgment entries, controlling excerpts of which follow:

"[T]he Court finds that the purported lease on which the plaintiff's action is based was not executed in compliance with the requirements of law and was therefore not a valid lease. [*Beard* case.]

"Without attempting to set forth a scholarly dissertation best.left to an appellate court, the Court finds that there is no genuine issue as to the material fact of the improper execution of the lease, that the lease was not notarized nor executed in proper compliance with law and therefore defendant's motion for summary judgment is granted and sustained. [*Kerr* case.]"

The lessor's representatives signed the leases on behalf of the lessor in the presence of two witnesses and acknowledged their signatures before Stanley R. Sander, a notary public. The lessees also signed the leases and, as indicated, entered into possession. Evidence in affidavits and depositions, claimed by appellees to be uncontroverted, tended to establish that acknowledgment certifications by the notary Sander for all the lessees involved herein were false because the lessees never appeared before Mr. Sander for any purpose in connection with the leases.

In support of their contention that the trial courts ruled correctly, appellees rely upon the following statute, R.C. 147.53:

"The person taking an acknowledgment shall certify that:

"(A) The person acknowledging appeared before him and acknowledged he executed the instrument;

"(B) The person acknowledging was known to the person taking the acknowledgment, or that the person taking the acknowledgment had satisfactory evidence that the person acknowledging was the person described in and who executed the instrument."

Assuming *arguendo* violation of R.C. 147.53 by the notary involved in the execution of the two leases *sub judice,* the violations alleged here would not vitiate the leases.

R.C. 5301.01,[1] rather than R.C. 147.53, is the statute which is directly in point in a consideration of these matters. R.C. 5301.01 requires that the signature of the lessor be witnessed and acknowledged, but places no such requirement upon the lessee. Thus the acknowledgments of the lessees' signatures were unnecessary, and any alleged falsifications — although not to be condoned — were ineffective to invalidate the leases.

Appellees urge *Menke* v. *Tessel* (1969), 18 Ohio App. 2d 121 [47 O.O.2d 184], 247 N.E.2d 334. *Menke* involves a fact pattern different from the one before us, and consequently appellees can derive no support from it. In *Menke,* for instance, the lease was defective because of irregularity in its execution by the *lessor.*

The assignment of error in each case is well taken. The decisions of the trial courts granting summary judgments for the lessees are reversed and the causes

---

[1] R.C. 5301.01.

"A deed, mortgage, land contract as referred to in division (B)(2) of section 317.08 of the Revised Code, or lease of any interest in real property must be signed by the grantor, mortgagor, vendor, or lessor, and such signing must be acknowledged by the grantor, mortgagor, vendor, or lessor in the presence of two witnesses, who shall attest the signing and subscribe their names to the attestation. Such signing must be acknowledged by the grantor, mortgagor, vendor, or lessor before a judge of a court of record in this state or a clerk thereof, a county auditor, county engineer, notary public, mayor, or county court judge, who shall certify the acknowledgment and subscribe his name to the certificate of such acknowledgment."

remanded for further proceedings according to law. However, we are not prepared to award summary judgment in favor of the lessor, as requested in appellant's briefs and somewhat diffidently pursued during oral argument.

*Judgments reversed and causes remanded.*

BLACK, P.J., SHANNON and KEEFE, JJ., concur.